## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |
|---|---|
| TANVEER HAROON, | |
| Plaintiff, | Case No. 16-cv-04720 |
| v. | |
| MICHAEL CURTIS TALBOTT and SYSTEM TRANSPORT, INC., | Judge John Robert Blakey |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Tanveer Haroon alleges that in November 2013, Defendant Michael Curtis Talbott, an agent of Defendant System Transport, Inc., negligently drove a company semi-truck into Plaintiff's vehicle, injuring Plaintiff and damaging his vehicle. [25] ¶¶ 10–11. Plaintiff filed a negligence suit against System Transport in Illinois state court in October 2015. [1-1]. In April 2016, System Transport removed the case to this Court. [1]. In November 2016, Plaintiff filed an amended complaint adding Talbott as a named defendant. [25]. A month later, Defendants jointly moved to dismiss Plaintiff's claim against Talbott on the grounds that it is time-barred. [26]. For the reasons explained below, Defendants' motion is granted.

## I.    Background

On the afternoon of November 19, 2013, Plaintiff was driving north on Western Avenue in the City of Chicago. [25] ¶¶ 1–2. Plaintiff stopped in the right lane for a red light at the intersection of Western Avenue and Devon Avenue. *Id.*

At the same time, Talbott was driving a System Transport semi-truck north on Western Avenue. *Id.* ¶¶ 3–4.

Talbott, who was in the left lane, crossed traffic to make a right turn. *Id.* ¶ 8. In doing so, Talbott collided with Plaintiff's vehicle, injuring Plaintiff and damaging his vehicle. *Id.* ¶¶ 8, 11–12. Talbott left the scene before police arrived and before Plaintiff obtained his information. *Id.* ¶ 9. Because Talbott fled the scene, the police report on the collision did not contain his name. [34] at 1.

Plaintiff sued System Transport in Illinois state court on October 28, 2015. [1-1]. Plaintiff's complaint identified the semi-truck's driver as "John Doe." *Id.* On April 27, 2016, System Transport removed the case to this Court. [1]. At some point between April 27 and early November 2016, as part of written discovery, System Transport identified Talbott as the driver involved in Plaintiff's accident. [23]. As a result, on November 4, 2016, Plaintiff filed an agreed motion for leave to file an amended complaint adding Talbott as a defendant. *Id.* The Court granted the agreed motion on November 9, 2016. [24]. Plaintiff filed his amended complaint the same day. [25].

On December 7, 2016, Defendants moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's claim against Talbott on the grounds that it violates Illinois' two-year statute of limitations for personal injury actions. [26].

## II.    Legal Standard

A motion to dismiss under Rule 12(b)(6) "challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted." *Gen. Elec.*

*Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). A motion to dismiss does not test the merits of a case. *Autry v. Nw. Premium Servs., Inc.,* 144 F.3d 1037, 1039 (7th Cir. 1998). To survive a motion to dismiss, a complaint must first provide a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), to give the defendant "fair notice" of what the claim is "and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Second, a complaint must contain "sufficient factual matter" to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). That is, the allegations must raise the possibility of relief above the "speculative level." *EEOC v. Concentra Health Servs. Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). A claim has facial plausibility "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008). In evaluating a complaint, the Court accepts all well-

pleaded allegations as true and draws all reasonable inferences in Plaintiff's favor. *Iqbal*, 556 U.S. at 678.

## III. Discussion

Illinois' limitations period for personal-injury claims is usually two years from the injury date. 735 ILCS 5/13-202. Talbott's collision with Plaintiff's vehicle occurred on November 19, 2013, [25] ¶ 1, so Plaintiff's two-year limitations period expired on November 19, 2015. Plaintiff filed his original complaint in October 2015, within the limitations period. But Plaintiff's original complaint named only System Transport as a defendant; Plaintiff did not formally name Talbott as a defendant until November 9, 2016—nearly one year after the limitations period expired. Thus, the claim against Talbott is time-barred unless the amended complaint "relates back" to the date of Plaintiff's original filing. Fed. R. Civ. P. 15(c)(1).

Under Rule 15(c)(1), an amendment to a pleading relates back to the date of the original pleading when one of three things occurs:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

4

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

## A.      Rule 15(c)(1)(C)

Because Plaintiff amended his complaint to add a new party as a defendant, the current controversy falls within the ambit of Rule 15(c)(1)(C).  To satisfy that rule, Plaintiff must meet three requirements.  First, the claim against Talbott must satisfy Rule 15(c)(1)(B), meaning it must have arisen "out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."  Fed. R. Civ. P. 15(c)(1)(C).  Second, "within the period provided by Rule 4(m) for serving the summons and complaint" (ordinarily 90 days from when the complaint is filed), Talbott must have "received such notice of the action that [he] will not be prejudiced in defending on the merits."  Fed. R. Civ. P. 15(c)(1)(C)(i).  Finally, Plaintiff must show that, within the Rule 4(m) period, Talbott "knew or should have known that the action would have been brought against [him], but for a *mistake* concerning the proper party's identity."  Fed. R. Civ. P. 15(c)(1)(C)(ii) (emphasis added).  Defendants seemingly contest only the third requirement, so the Court focuses its analysis on whether Plaintiff's lack of knowledge about Talbott's identity counts as a "mistake" for the purposes of Rule 15.

### 1.      "Mistake" Pre-*Krupski*: The John Doe Rule

Before the Supreme Court decided *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538 (2010), the "mistake" inquiry was simple in this situation.  The Seventh Circuit "repeatedly reiterated" that relation back on grounds of mistake "does not apply

where the plaintiff simply lacks knowledge of the proper defendant." *Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 596 (7th Cir. 2006) (citing *King v. One Unknown Fed. Corr. Officer,* 201 F.3d 910, 914 (7th Cir. 2000)). In *Hall*, the plaintiff sued for work-related injuries, but incorrectly sued a business that had recently acquired many of his employer's assets and liabilities instead of his employer. *Id.* at 592. Hall tried to distinguish his case by arguing that prior cases involved plaintiffs who sued "unknown officers" or "John Does," whereas he sued the *wrong* defendant. *Id.* at 596. But the court found Hall's argument to be a distinction without a meaningful difference. *Id.* The court noted that, at bottom, Hall "did not know who to name" as a defendant before the limitations period expired. *Id.* According to the court,

> [w]hether a plaintiff names a fictitious defendant like "John Doe" because he does not know who harmed him or names an actual—but nonliable—[defendant] because he does not know which [defendant] is responsible for his injuries, he has not made a "mistake" concerning "identity" within the meaning of [Rule 15(c)]. He simply lacks knowledge of the proper party to sue. It is the plaintiff's responsibility to determine the proper party to sue and to do so before the statute of limitations expires. A plaintiff's ignorance or misunderstanding about who is liable for his injury is not a "mistake" as to the defendant's "identity."

*Id.*; *see also King*, 201 F.3d at 914 ("King has not satisfied [the] mistake requirement . . . . King had (and still has) a simple lack of knowledge of the identity of the proper party.") (internal quotation marks omitted); *Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998) ("Mr. Baskin did not make a mistake concerning Officer Sotirakis' identity when he filed his original complaint; he simply did not know the identity of the police officer who pulled him over.").

Other circuits paralleled *Hall's* holding. *See, e.g., Locklear v. Bergman & Beving AB,* 457 F.3d 363, 367 (4th Cir. 2006); *Garrett v. Fleming,* 362 F.3d 692, 696 (10th Cir. 2004); *Foulk v. Charrier,* 262 F.3d 687, 696 (8th Cir. 2001); *Wayne v. Jarvis,* 197 F.3d 1098, 1103–04 (11th Cir. 1999); *Jacobsen v. Osborne,* 133 F.3d 315, 320–21 (5th Cir. 1998); *Barrow v. Wethersfield Police Dep't,* 66 F.3d 466, 470 (2d Cir. 1995); *but cf. Singletary v. Penn. Dep't of Corr.,* 266 F.3d 186, 200 (3d Cir. 2001) (urging the Rules Advisory Committee to amend Rule 15(c) to allow relation back for plaintiffs replacing fictitious defendants with real defendants).

In short, under the traditional John Doe rule, Plaintiff's claim against Talbott would be time-barred.

### 2. *Krupski*

Rule 15(c)(1)(C)'s legal landscape changed considerably, however, with the Supreme Court's ruling in *Krupski*. In *Krupski*, the plaintiff tripped over a cable and broke her leg while aboard a cruise ship. 560 U.S. at 541. Krupski's cruise ticket identified the carrier as Costa Crociere S. p. A., an Italian corporation. *Id.* at 542. The ticket also identified Costa Cruise Lines N. V. as Costa Crociere's sales and marketing agent. *Id.* at 542–43. Just before the limitations period expired, Krupski filed a negligence action for her injuries, naming only Costa Cruise as a defendant and improperly identifying Costa Cruise as the ship's carrier. *Id.* at 543.

Over the next few months—after the limitations period expired—Costa Cruise brought Costa Crociere's existence to Krupski's attention three times: (1) in its answer to the complaint; (2) in a corporate disclosure statement; and (3) in a

motion for summary judgment. *Id*. at 543–44. Throughout, Krupski maintained that Costa Cruise was the responsible party. *Id*. After summary judgment, however, and nearly five months after the limitations period expired, Krupski moved to amend her complaint to add Costa Crociere. *Id*. at 544.

Although the district court initially granted Krupski's request, it subsequently granted Costa Crociere's motion to dismiss on the grounds that the amended complaint was untimely because it did not relate back under Rule 15(c). *Id*. at 544–45. The district court concluded that Krupski "had not made a mistake concerning the identity of the proper party." *Id*. at 545. Rather, because Costa Cruise repeatedly informed Krupski that Costa Crociere was the proper defendant, the court found that Krupski deliberately decided "not to sue a party whose identity [she] knew before the statute of limitations had run." *Id*.

The Eleventh Circuit affirmed on slightly different grounds. *Id*. at 546. Instead of relying on Costa Cruise's filings, the Eleventh Circuit noted that the relevant information was located on Krupski's cruise ticket, which she had furnished to her counsel well before the limitations period ended. *Id*. Because the ticket clearly identified Costa Crociere as the carrier, Krupski "either knew or should have known of Costa Crociere's identity as a potential party." *Id*. The court therefore treated Krupski "as having chosen to sue one potential party over another." *Id*. Even assuming that Krupski first learned of Costa Crociere's identity from Costa Cruise's answer, Krupski "waited 133 days from the time she filed her original complaint to seek leave to amend and did not file an amended complaint for

8

another month after that." *Id.* In light of this delay, the Eleventh Circuit concluded that the district court did not abuse its discretion in dismissing the claim. *Id.*

The Supreme Court reversed. The Court began its analysis by criticizing the lower courts' focus on *the plaintiff's* knowledge, emphasizing that Rule 15(c)(1)(C)(ii) "asks what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing her original complaint." *Id.* at 548. To this end, "information in the plaintiff's possession is relevant *only* if it bears on the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity." *Id.* (emphasis added). For purposes of that inquiry, "it would be error to conflate knowledge of a party's existence with the absence of mistake." *Id.*

Notably, the Court defined "mistake" by citing two dictionary definitions. *Id.* at 548–49. The first defines "mistake" as "[a]n error, misconception, or misunderstanding; an erroneous belief." Black's Law Dictionary 1092 (9th ed. 2009). The second (which, for reasons explained below, is most pertinent here) defines "mistake" as "a misunderstanding of the meaning or implication of something"; "a wrong action or statement proceeding from faulty judgment, inadequate knowledge, or inattention"; "an erroneous belief"; or "a state of mind not in accordance with the facts." Webster's Third New International Dictionary 1446 (2002). The Court held that, under these definitions, the fact that a plaintiff knows of a party's existence "does not preclude her from making a mistake with respect to that party's identity." *Id.* at 549. Indeed, the "only question" under Rule

15(c)(1)(C)(ii) is whether the prospective defendant "knew or should have known that, absent some mistake, the action would have been brought against him." *Id.*

The Court acknowledged that "making a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake." *Id.* The Court declined, however, to rule that every time "a plaintiff is aware of the existence of two parties and chooses to sue the wrong one, the proper defendant could reasonably believe that the plaintiff made no mistake." *Id.*

The Court also rejected the Eleventh Circuit's holding that Krupski's delay in seeking to file—and in eventually filing—an amended complaint justified dismissing her claim against Costa Crociere. *Id.* at 552. According to the Court, a plaintiff's dilatory conduct cannot, by itself, justify denying relation back under Rule 15(c)(1)(C). *Id.* at 552–53. Rather, "the question under Rule 15(c)(1)(C)(ii) is what the prospective defendant reasonably should have understood about the plaintiff's intent in filing the original complaint against the first defendant." *Id.* at 554. Thus, "to the extent the plaintiff's post-filing conduct informs the prospective defendant's understanding of whether the plaintiff initially made a mistake concerning the proper party's identity, a court may consider the conduct." *Id.* (internal quotation marks omitted). Aside from this narrow exception, a plaintiff's post-filing conduct "is otherwise immaterial to the question whether an amended complaint relates back." *Id.*

The Court found its reading of Rule 15(c)(1)(C)(ii) to be "consistent with the purpose of relation back: to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." *Id.* at 550. A prospective defendant "who legitimately believed that the limitations period had passed without any attempt to sue him has a strong interest in repose." *Id.* On the other hand, such repose "would be a windfall for a prospective defendant who understood, or who should have understood, that he escaped suit during the limitations period only because the plaintiff misunderstood a crucial fact about his identity." *Id.* In the end, the Court focused Rule 15(c)'s lens squarely on prospective defendants and pushed inquiries about a plaintiff's knowledge to the wayside. *Id.*

### 3.     "Mistake" Post-*Krupski* in John Doe Cases

Of course, as another court in this district has noted, "*Krupski* concerned a plaintiff's 'knowledge of a party's existence,' whereas John Doe pleading concerns a plaintiff's 'lack of knowledge' regarding a potential defendant's identity." *White v. City of Chicago,* No. 14-cv-3720, 2016 WL 4270152, at *16 (N.D. Ill. Aug. 15, 2016) (Durkin, J.). No Seventh Circuit precedent addresses *Krupski's* impact on the John Doe rule. The two relevant Seventh Circuit cases that cite *Krupski* both involve situations where, as in *Krupski*, a plaintiff had actual or constructive knowledge of the correct defendant, but failed to sue that party. *See Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 506 (7th Cir. 2014); *Joseph v. Elan Motorsports Techs. Racing*

*Corp.*, 638 F.3d 555, 559 (7th Cir. 2011).  Two other post-*Krupski* Seventh Circuit cases applied the traditional John Doe rule from *Hall*, but those cases are not controlling.  *See Gomez v. Randle,* 680 F.3d 859, 864 n.1 (7th Cir. 2012) (dictum); *Flournoy v. Schomig*, 418 F. App'x 528, 532 (7th Cir. 2011) (unpublished). Moreover, neither case examined *Krupski's* effect on "unknown defendant" cases.

At least three circuits still follow the traditional John Doe rule post-*Krupski*. In *Hogan v. Fischer*, the Second Circuit adhered to a line of cases holding that relation back is precluded for amended complaints that substitute real defendants for John Does.  738 F.3d 509, 518 (2d Cir. 2013) ("This Court's interpretation of Rule 15(c)(1)(C) makes clear that the lack of knowledge of a John Doe defendant's name does not constitute a mistake of identity.") (internal quotation marks omitted).  But the *Hogan* court did not explore the implications of *Krupski*, and indeed mentioned *Krupski* only once—in a footnote—to clarify when Rule 15(c) was renumbered.  *Id.* at 517 n.2.  In *Smith v. City of Akron*, an unpublished case, the Sixth Circuit distinguished *Krupski* from John Doe cases on the facts: "Krupski's problem is not Smith's problem.  Smith did not make a mistake about which defendant to sue; he simply did not know whom to sue or opted not to find out within the limitations period."  476 F. App'x 67, 69 (6th Cir. 2012).  Recently, the Eighth Circuit applied the traditional John Doe rule after reviewing the dictionary definitions of "mistake" from *Krupski*; from those definitions, the court concluded that a mistake must be unintentional.  *Heglund v. Aitkin County,* --- F.3d ---, 2017 WL 3910116, at *5 (8th Cir. Sept. 7, 2017).  Finally, the Eighth Circuit held that an

amended John Doe pleading did not relate back because naming "John Doe" as a defendant is "an intentional misidentification, not an unintentional error, inadvertent wrong action, or 'mistake.'" *Id.*

Given the open nature of the Seventh Circuit's position on the issue, some courts in this district have also continued to apply the traditional John Doe rule after *Krupski*. Like the Seventh Circuit's rulings in *Gomez* and *Flournoy*, however, some of these cases do not specifically address *Krupski*. *See, e.g., Henry v. City of Des Plaines*, No. 15-cv-5617, 2015 WL 6407812, at *2 (N.D. Ill. Oct. 21, 2015) (Der-Yeghiayan, J.); *Stoller v. Dart*, No. 12-cv-4928, 2013 WL 2156049, at *5 (N.D. Ill. May 17, 2013) (St. Eve., J.); *Mihelic v. Will Cnty., Ill.*, 826 F. Supp. 2d 1104, 1116 (N.D. Ill. 2011) (Castillo, J.). Others distinguish *Krupski* on its facts. *See, e.g., Terry v. Chi. Police Dep't*, 200 F. Supp. 3d 719, 725 (N.D. Ill. 2016) (Kendall, J.) ("[Plaintiff] did not make the type of mistake of fact at issue in [*Krupski*] . . . . the only reason that Plaintiff did not name the individual officers in the original complaint was Plaintiff's lack of knowledge about their names, not a mistake concerning their identity."); *Vandenburgh v. Bannockburn Police Officer Robert Ogden*, No. 15-cv-6191, 2016 WL 403663, at *3 (N.D. Ill. Feb. 3, 2016) (Ellis, J.) ("After *Krupski*, courts have continued not to allow relation back where the plaintiff lacked knowledge of the defendant's identity prior to the expiration of the statute of limitations."); *Daniel v. City of Matteson*, No. 09-cv-3171, 2011 WL 198132, at *4 (N.D. Ill. Jan. 18, 2011) (Darrah, J.) ("Here, Plaintiff does not claim to have made a

mistake as to Arvin's and Sim's identities; he claims he did not know their identities.").

At the same time, other district courts, including those to have addressed the issue most recently, have explicitly applied *Krupski's* reasoning to the John Doe context. *See, e.g., Ryan v. City of Chicago,* No. 15-cv-9762, 2016 WL 6582570, at *2 (N.D. Ill. Nov. 7, 2016) (Ellis, J.); *Cheatham v. City of Chicago*, No. 16-cv-3015, 2016 WL 6217091, at *3 (N.D. Ill. Oct. 25, 2016) (Darrah, J.); *White*, 2016 WL 4270152, at *18–*20; *Brown v. Deleon*, No. 11-cv-6292, 2013 WL 3812093, at *1 (N.D. Ill. July 18, 2013) (Hart, J.).

This Court finds the latter line of cases most persuasive. As Judge Durkin explained in *White, Krupski* defined "mistake" to include not only an "error, misconception, or misunderstanding," but also "*inadequate knowledge.*" *White*, 2016 WL 4270152, at *16. By including "inadequate knowledge" in its definition of "mistake," the Supreme Court indicated that *Krupski's* analysis also applies when plaintiffs seek to substitute real defendants for John Does. *Id.* at *16. Thus, even in John Doe cases, courts addressing relation-back issues must ask "what the party to be added knew or should have known," not what the amending party knew. *Krupski*, 560 U.S. at 541.

This interpretation is bolstered by the reasoning that underlies Seventh Circuit precedent before and after *Krupski*. Four years before *Krupski,* the *Hall* plaintiff argued that the Seventh Circuit's John Doe rule did not apply to his case because he had named the *wrong* defendant, not a made-up defendant. *Hall*, 469

14

F.3d at 596. The Seventh Circuit dismissed the plaintiff's argument as a meaningless distinction. *Id.* According to the court:

> [w]hether a plaintiff names a fictitious defendant like "John Doe" because he does not know who harmed him or names an actual—but nonliable—[defendant] because he does not know which [defendant] is responsible for his injuries, he has not made a "mistake" concerning "identity" within the meaning of [Rule 15(c)]. He simply lacks knowledge of the proper party to sue. It is the plaintiff's responsibility to determine the proper party to sue and to do so before the statute of limitations expires. A plaintiff's ignorance or misunderstanding about who is liable for his injury is not a "mistake" as to the defendant's "identity."

*Id.* In other words, *Hall* equated a "misunderstanding" about the proper defendant with "ignorance" of the proper defendant for the purposes of Rule 15(c)(1)(C), and said that neither qualified as a mistake under that rule.

But in 2011, the Seventh Circuit acknowledged that *Krupski* "cut the ground out from under" *Hall's* view that a plaintiff who misunderstands which of two companies is responsible for his injuries has not made a "mistake" under relation-back doctrine. *Joseph*, 638 F.3d at 559. This Court agrees with Judge Durkin's conclusion in *White* that, by extension,

> [w]hile the issue was not before the court in *Joseph, Krupski* also must have "cut the ground out from under" *Hall's* view that the naming of a fictitious "John Doe" defendant was not a "mistake" either, because *Hall* said the two situations are to be treated the same under Rule 15(c)(1)(C) and nothing in *Krupski* undermines that portion of *Hall's* reasoning.

2016 WL 4270152, at *16. Indeed, *Hall* forbade exactly the type of factual distinction that some district courts (and the Sixth Circuit) have drawn between

John Doe cases and *Krupski*. *Hall*, 469 F.3d at 596. Thus, this Court is unwilling to fence *Krupski* out by parsing the differences between what the *Krupski* plaintiff and Plaintiff here knew when they started their cases. Consistent with *Krupski*, this Court rejects a categorical approach and instead focuses its lens upon what "the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing" the original complaint. *Id.* at 548.

In light of the above, this Court also respectfully disagrees with the Eighth Circuit's approach in *Heglund*. *Krupski* signaled a fundamental shift in relation-back analysis from a plaintiff-focused inquiry to a defendant-focused one: "We hold that relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, *not* on the amending party's knowledge or its timeliness in seeking to amend the pleading." 560 U.S. at 541 (emphasis added). Yet not once did the Eighth Circuit question what the prospective defendant in *Heglund* "knew or should have known" about the plaintiffs' claim against him. Instead, the court dismissed that party's knowledge as inconsequential: "Regardless of when Scherf learned of the action or what he knew about whether the plaintiffs would like to have sued him, the [plaintiffs] did not make a 'mistake' in the ordinary sense of the word when they intentionally sued 'John Doe' while knowing that he was not the proper defendant." *Heglund*, 2017 WL 3910116, at *5.

Applying *Krupski* to the traditional John Doe rule also serves the purposes of the relation-back doctrine by balancing a defendant's interest in repose after the

limitations period against "the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." *Krupski*, 560 U.S. at 550. As the Eighth Circuit tacitly acknowledged in *Heglund*, the traditional John Doe rule treats plaintiffs "with inadequate knowledge" much more harshly than plaintiffs "who list the wrong defendant in an original complaint." 2017 WL 3910116, at *5. After *Krupski*, the plaintiff-focused analysis driving that disparate treatment—and preventing some merits litigation—should no longer apply.

In sum, after *Krupski*, a plaintiff is not automatically prevented from invoking the relation-back doctrine merely because he lacked knowledge of the proper party to sue. *Krupski* shifts the analysis away from whether the plaintiff knew or should have known the identity of the potential defendant, to whether the potential defendant knew or should have known during the Rule 4(m) period "that it would have been named as a defendant but for an error." *Id.* at 548. This defendant-focused analysis applies whether the plaintiff sues the wrong defendant because of a misunderstanding or sues a fictitious defendant because of a lack of knowledge. *Hall*, 469 F.3d at 596. Interpreting Rule 15(c)(1)(C) this way best harmonizes *Krupski*, Seventh Circuit precedent, and the purpose behind Rule 15.

Ultimately, in addressing a relation-back issue, a district court may make "only two inquiries" in the post-*Krupski* world: "first, whether the defendant who is sought to be added by the amendment knew or should have known that the plaintiff, had it not been for a mistake, would have sued him instead or in addition

to suing the named defendant; and second, whether, even if so, the delay in the plaintiff's discovering his mistake impaired the new defendant's ability to defend himself." *Joseph*, 638 F.3d at 559–60.

### 4. *Krupski* Applied To This Case

In John Doe cases under *Krupski*, a plaintiff's lack of knowledge neither automatically bars the plaintiff from the shelter of the relation-back doctrine, nor compels the court to find that an amended complaint relates back to the original complaint. Instead, this Court must ascertain "whether there is any basis in the record for saying that [Talbott] could have legitimately believed that the limitations period had passed without any attempt [by Haroon] to sue [him]." *White*, 2016 WL 4270152, at *18. As a factual matter, this Court answers the question in the affirmative, departing from other courts within this district that have applied *Krupski's* analysis to other John Doe situations.

In those cases, however, the plaintiff's original pleading at least listed "John Does" or "unknown officers" as named defendants. *See, e.g., Ryan,* 2016 WL 6582570, at *1 ("Ryan filed suit against Defendants City of Chicago . . . and the Unknown Officers"); *Cheatham*, 2016 WL 6217091, at *3 (noting that the timely amended complaint named "Unknown Police Officer"); *White*, 2016 WL 4270152, at *18 ("White named the John Doe police officer as a defendant"); *Brown*, 2013 WL 3812093, at *1 (noting that the original complaint named "Three Unknown Agents of the City of Chicago Police Department").

In contrast, Plaintiff's original state complaint merely described Talbott as "John Doe, an unknown driver and agent of the Defendant, System Transport, Inc." in various allegations in the *body* of the complaint, but did not name either a "John Doe" or "unknown driver" as a *party* to the suit. [1-1]. Plaintiff listed only System Transport in the original caption. *Id.*; *see also* Fed. R. Civ. P. 10(a) ("The title of the complaint must name *all* the parties.") (emphasis added).

To be sure, the body of a complaint can rectify an error in the complaint's caption and show that a party omitted from the caption was still an intended defendant. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). But here, the body of Plaintiff's original complaint reinforces "John Doe's" absence from the caption as a named defendant. In the first paragraph, for example, Plaintiff "complains of the Defendant, System Transport, Inc.," and does not mention John Doe. Throughout the complaint, "John Doe" repeatedly appears next to a qualifier identifying the unknown driver as System Transport's agent. In the closing paragraph, Plaintiff "prays for judgment" only against System Transport, not an unknown driver. *Id.*

Although a complaint's contents are not always dispositive, Plaintiff's post-filing conduct here sent a similar message to Talbott. Plaintiff did not amend his original complaint (or notify anyone of his intent to do so) when System Transport removed the case to federal court in April 2016, when the parties filed their Initial Status Report in June 2016, or at the parties' initial status hearing several weeks later. Indeed, it was not until October 2016—more than a year after filing the

initial complaint—that Plaintiff moved to amend and add Talbott as a party. Of course, under *Krupski*, a plaintiff's dilatory conduct cannot, by itself, justify denying relation back under Rule 15(c)(1)(C). 560 U.S. at 552–53. This Court can and does, however, consider the extent to which such conduct may "inform the prospective defendant's understanding of whether the plaintiff initially made a mistake concerning the proper party's identity." *Id.* at 554.

Viewed from this perspective, the Court finds that Plaintiff's litigation strategy, combined with his pleading scheme, made it reasonable for Talbott to believe that, although he was involved in the suit as a major witness, Plaintiff made "a deliberate choice to sue one party"—Talbott's employer—"instead of another." *Id.* at 549. This conclusion is buttressed by Plaintiff's belief that Talbott was acting as System Transport's agent at the time of the accident, as well as the fact that Plaintiff was represented by legal counsel from the time of his initial filing. *Cf. White*, 2016 WL 4270152, at *2, *20 (allowing relation-back when the initial complaint was filed *pro se*); *see also Brown*, 2013 WL 3812093, at *1 (same). Finally, an employee involved in a work-related accident could reasonably believe that a plaintiff chose to sue only the potentially deep-pocketed employer for damages while ignoring the employee.

In short, the present record does not support a finding that Talbott knew or should have known that Plaintiff would have sued him instead of, or in addition to, System Transport, had it not been for Plaintiff's lack of knowledge. Plaintiff's post-filing conduct and the original complaint, taken together, "compel the conclusion

that the failure to name [Talbott] in the original complaint was the result of a fully informed decision as opposed to a mistake concerning the proper defendant's identity." *Krupski*, 560 U.S. at 552. As in *Krupski*, this result advances the purposes behind Rule 15: granting repose to a defendant with a legitimate interest in repose after the limitations period, while endeavoring to decide cases on the merits whenever possible. The requirements of Rule 15(c)(1)(C)(ii) are not met here. Thus, relation back is improper.

### B.      Rule 15(c)(1)(A)

Rule 15(c) lists another way in which an amendment to a pleading can relate back to the date of the original pleading. Rule 15(c)(1)(A) provides that an amended pleading relates back if the law that provides the applicable statute of limitations allows relation back. Moreover, if "the state law that provides the applicable statute of limitations allows relation back, and if it is more favorable than Rule 15(c), state law governs." *Henderson v. Bolanda*, 253 F.3d 928, 932 (7th Cir. 2001). Illinois' relation-back rule, however, "is, in all material respects, identical to the federal rule." *In re Safeco Ins. Co. of Am.*, 585 F.3d 326, 331 (7th Cir. 2009). Thus, applying Rule 15(c)(1)(A) does not change the Court's ultimate ruling.

## IV.    Conclusion

For the reasons discussed above, Defendants' Motion to Dismiss [26] is granted.  Defendant Talbott is dismissed.

Dated: September 27, 2017

Entered:

_____
John Robert Blakey
United States District Judge